TEKER CIVILLE TORRES & TANG, PLLC
SUITE 200, 330 HERNAN CORTEZ AVENUE
HAGÅTÑA, GUAM 96910
TELEPHONE: (671) 477-9891/472-8868
FACSIMILE: (671) 472-2601/477-2511

*Attorneys for Defendant*

FILED
DISTRICT COURT OF GUAM
MAR 1 4 2003
MARY L. M. MORAN
CLERK OF COURT

IN THE DISTRICT COURT OF GUAM

| | |
|---|---|
| KAIOH SUISAN CO., LTD. | CIVIL CASE NO. 02-00021 |
| Plaintiff, | |
| vs. | **DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT** |
| GUAM YTK CORPORATION., | |
| Defendant. | |

Plaintiff seeks Summary Judgment arguing that 6 G.C.A. §2511, which codifies a principle of evidence that "an agreement reduced to writing deemed the whole" eliminates any dispute over any material facts in this case. This rule of evidence is commonly call the Parol Evidence Rule. Essentially, the Plaintiff is asking the Court to look at the "written agreement" between the parties and deem that it sets forth the complete agreement between the parties, thus, entitling Plaintiff to judgment. Plaintiff fails to note that §2511(1) and (2) sets forth exceptions to the Parole Evidence Rule, including where there is a mistake which has been put into issue by the pleadings, or where the validity of the agreement is in dispute. Section 2511 also permits evidence as to the circumstances under which the agreement was made and to which it relates.

The Parole Evidence Rule does not apply to contracts void or voidable by reason of illegality or fraud.

Plaintiff asserts that this document should be deemed a loan and that it is entitled to the benefit of its bargain. Defendant has plead, by way of an affirmative defense, that the document was not a loan and that, instead, it was prepared as part of an advance payment and an investment by the Plaintiff in a fishing venture between the parties. Defendant's president Tom Kamiyama is entitled to present evidence that he does not read or write English, that he was mislead by the Plaintiff as to the contents and meaning of the document, and that Plaintiff mislead him with the intention of inducing him to execute the document. Mr. Kamiyama is also entitled to produce evidence that the document was prepared by the Plaintiff, and presented and explained to Mr. Kamiyama by the Plaintiff and that the Plaintiff represented to Mr. Kamiyama that the document memorialized an investment agreement between the parties. The facts as to the execution of the agreement and its intent are clearly in dispute and on that basis alone this Court should deny summary judgment.

The Parole Evidence Rule does not prevent the introduction of evidence to explain ambiguous terms. Here, the dispute is whether the document in question reflected a loan or investment and an advanced payment by the Plaintiff. There is considerable ambiguity on this point. For example, there is no reference in the agreement to collateral. Plaintiff, presumably, is arguing that it was making and unsecured loan. The fact finder could reasonably find that it is commercially unreasonable for a party to make and unsecured loan in such an amount. This supports Defendant's contention that the transaction is not a loan and that the advancement of funds was an investment.

Plaintiff and Defendant were engaged in a venture where Defendant was off-loading

TEKER CIVILLE TORRES & TANG, PLLC
SUITE 200, 330 HERNAN CORTEZ AVENUE
HAGÅTÑA, GUAM 96910
TELEPHONE: (671) 477-9891/472-8868

fish on Guam and transporting it by air to the Plaintiff in Japan. In December 2001, the Plaintiff on two (2) occasions wire transferred Fifty Million Yen (¥50,000,000.00) for the *purchase* of fish. (See Exhibit "A" attached to Declaration of Tom Kamiyama). The wire transfers clearly designate what their purpose was for. They do not make any reference to a loan, which is not what one would expect if these were in fact truly a loan. The dispute between the party goes to the purpose of agreement, and this dispute is intensely factual and not properly susceptible to resolution by summary judgment. What was the character and purpose of the money and the intent for which it was sent? Plaintiff acknowledges on page six of its Motion that the parties are involved in "another dispute as to the same basic business, that is the catching, transshipping and marketing of tuna." It is this fishing business that Plaintiff was making an investment in, and the wire transfer documents support this interpretation and clearly conflict with the language that Plaintiff placed upon the English language loan documents.

Setting this aside, even assuming the Plaintiff has described this transaction is a loan, the Plaintiff is still not entitled to summary judgment . Engaging in a business of loaning money on Guam requires a party to have a business license, something that Plaintiff indisputably lacks. The door closing provisions in 11 G.C.A. bar the Plaintiff from obtaining relief in the Courts of Guam for any activity occurring during the time that the Plaintiff does not have a business license.

Defendant asserts that this is a matter for trial as to the purpose of the agreement especially since it is drafted by the Plaintiff. Clearly under 6 G.C.A. §2511 this Court has a right to consider the nature of the agreement, the circumstances under which the agreement was made and to which it relates.

Defendant respectfully requests that Plaintiff's Motion for Summary Judgment be

TEKER CIVILLE TORRES & TANG, PLLC
SUITE 200, 330 HERNAN CORTEZ AVENUE
HAGÅTÑA, GUAM 96910
TELEPHONE: (671) 477-9891/472-8868

-3-

Case 1:02-cv-00021   Document 9   Filed 03/14/2003   Page 3 of 4

denied.

Respectfully submitted this 14th day of March, 2003.

TEKER CIVILLE TORRES & TANG, PLLC

By: _____
PHILLIP TORRES
*Attorneys for Defendant*

Kaioh Suisan Co., Ltd. v. Guam YTK Corp.
Civil Case No. CV02-00021
Defendant's Opposition to Plaintiff's Motion for Summary Judgment

TEKER CIVILLE TORRES & TANG, PLLC
SUITE 200, 330 HERNAN CORTEZ AVENUE
HAGÅTÑA, GUAM 96910
TELEPHONE: (671) 477-9891/472-8868

-4-

Case 1:02-cv-00021    Document 9    Filed 03/14/2003    Page 4 of 4