FILED
DISTRICT COURT OF GUAM
APR 0 4 2003
MARY L. M. MORAN
CLERK OF COURT

DISTRICT COURT OF GUAM

TERRITORY OF GUAM

| | |
|---|---|
| KAIOH SUISAN CO., LTD.,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>GUAM YTK CORP.,<br><br>　　　　Defendant. | Civil Case No. CV02-00021<br><br>ORDER |

On March 28, 2003, this matter came before the Court on a Summary Judgment Motion filed by the plaintiff, Kaioh Suisan Co., Ltd. After hearing argument from counsel, the Court DENIED the Defendant's motion. For the reasons discussed more fully herein, the Court memorializes the basis for its decision denying the motion.

## I. FACTS

On or before March 10, 2001, defendant, Guam YTK Corp. ("Guam YTK") and the plaintiff, Kaioh Suisan Co., Ltd. ("Kaioh") allegedly entered into a written agreement prepared by the plaintiff. Pursuant to the written terms, the plaintiff allegedly agreed to lend the defendant One Hundred Million Japanese Yen. The defendant was to repay the loan in installments of Five Million Yen at the end of each month beginning with January of 2002. Additionally, the defendant was to pay interest of 2 percent (2%) per annum from the date of the transfer of the funds, to be calculated and paid after the payment of principal is due. The plaintiff made two wire transfer payments of Fifty Million Japanese Yen, wherein each of the wire transfers stated

that the purpose of the transfer was for the "advance payment" for "tuna." The defendant never made any payments on the loan and the plaintiff eventually filed suit in this Court.

## II. ANALYSIS

The plaintiff has moved for summary judgment. Summary judgment is appropriate when the evidence, read in the light most favorable to the nonmoving party, demonstrates that there is no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The party opposing summary judgment cannot rest on conclusory allegations, but must set forth specific facts showing that there is a genuine issue for trial. Leer v. Murphy, 844 F.2d 628, 631 (9th Cir. 1988). Moreover, to defeat a summary judgment motion, the nonmoving party must come forward with evidence sufficient to establish the existence of any disputed element essential to that party's case, and for which that party will bear the burden of proof at trial. Celotex Corp. v. Catrett, 477 U.S. 317, 322, 102 S.Ct. 2548 (1986). In determining whether to grant summary judgment, all justifiable inferences must be drawn in favor of the nonmoving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986).

The plaintiff argues that summary judgment is appropriate because the parties entered into an unambiguous agreement. It identifies the parties, the amount borrowed and terms of repayment. In addition, because the defendant accepted the funds, the plaintiff claims that the defendant has affirmed the validity of the contract for which the defendant cannot dispute.

In response, the defendant states that there is a clear factual dispute between the parties as to the nature and purpose of the agreement. For example, the defendant's president, Mr. Tom Kamiyama ("Mr. Kamiyama") did not understand that the written agreement memorialized a loan transaction. Rather, Mr. Kamiyama's understanding was that the plaintiff prepared it to memorialize an advance payment and investment agreement regarding a fishing venture between the parties. Because Mr. Kamiyama neither is fluent in the English language nor reads or writes English, the plaintiff explained to him in Japanese (his native language) that the document memorialized such an agreement. Therefore, the defendant asserts that since there is a factual dispute regarding the formation of the agreement, summary judgment would be improper.

The Court notes that the agreement in question is bereft of all but the most basic of terms. While the agreement identifies the parties, the amount borrowed and terms of repayment, there is no integration or merger clause suggesting that it represents the entire agreement of the parties. Moreover, as conceded by the plaintiff, the agreement appears to have been drafted for the plaintiff by a non-lawyer and by somebody for whom English is not his first language, which may have led in part to the problems. And, it was signed by the defendant's president, Mr. Kamiyama, who admittedly may have been more limited in his understanding of the English language than the draftsman.

The Court finds there is evidence suggesting that the parties may have had a different understanding as to the very purpose of the agreement. Attached to Mr. Kamiyama's declaration are two wire transfers wherein each states that the purpose of the transfer is "advance payment" for "tuna."[1] While the plaintiff states that these wire transfer documents add nothing to the defendant's argument because they were made to the bank, the Court finds the plaintiff's argument unpersuasive. The wire transfers do raise a factual issue that is material to this matter, and that is what the parties understood to be the true contractual relationship. The question of whether there was a "meeting of the minds" between the parties and they were entering into an unambiguous loan agreement or a business venture that went sour remains unanswered. See Restatement 2d of Contracts § 20 (1981) ("There is no manifestation of mutual assent to an exchange if the parties attach materially different meanings to their manifestations and ... neither party knows or has reason to know the meaning attached by the other....").

Additionally, the defendant argues that summary judgment would be improper in this instance because the plaintiff is proceeding without a business license. The defendant claims that under the Guam Business License Law the plaintiff is barred from obtaining relief in the courts of Guam for any activity occurring during the time that the plaintiff does not have a business license. Pursuant to 11 Guam Code Ann. §70130

---

[1] Kaioh Suisan Co., Ltd. V. Guam YTK Corporation, Civil Case No. 02-00021, Declaration of Tom Kamiyama, in support of Defendant's Opposition to Plaintiff's Motion for Summary Judgment filed March 14, 2003, Exhibit A attached thereto.

(d) no commercial activity (including operating or leasing of real property) doing business on Guam without a business license may file suit in Guam courts until such time that a business license is obtained. No person engaged in commercial activity without a business license may use the courts to enforce, directly or indirectly, any obligation, lien, or contract incurred during the period of such commercial activity without a business license;

The plaintiff argues that it does not need to have a business license because it is not engaged in business on Guam. In fact, its only connection with Guam is the lending of money to the defendant. For support, the plaintiff cites to EIE Guam Corporation v. Long Term Credit Bank of Japan, 1998 Guam 6, wherein the Guam Supreme Court held that a bank in Japan, which lent money that was used to build a hotel on Guam was not doing business on Guam requiring it to obtain a business license. However, unlike the plaintiff in EIE, upon review of the documents submitted, it is unclear whether or not the plaintiff's only business is the "loaning" of money to the defendant. The plaintiff acknowledges that the parties are involved in "another dispute as to the same basic business, that is the catching, transshipping and marketing of tuna."[2]

All justifiable inferences must be drawn in favor of the nonmoving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). Therefore, the Court finds that there are issues raised both by the defendant and the plaintiff itself for which granting summary judgment at this point in time would be improper. Accordingly, the Plaintiff's Motion for Summary Judgment is Denied.

### III. CONCLUSION

The Court finds that the defendant has raised genuine issues of material fact. Accordingly, the Court hereby DENIES the Plaintiff's Motion for Summary Judgment.

IT IS SO ORDERED.

Dated this 3rd day of April, 2003.

JOHN S. UNPINGCO
District Judge

Notice is hereby given that this document was entered on the docket on APR 04 2003. No separate notice of entry on the docket will be issued by this Court.

Mary L. M. Moran
Clerk, District Court of Guam

By: _____
Deputy Clerk

APR 04 2003
Date

---

[2] See Kaioh Suisan Co., Ltd. V. Guam YTK Corporation, Civil Case No. 02-00021 Ltd's Memorandum in Support of its Motion for Summary Judgment filed on February 6, 2003, page 6.