Terence E. Timblin
VERNIER & MAHER, LLP
115 Hesler Place, Ground Floor
Governor Joseph Flores Building
Hagåtña, Guam 96910
Telephone: (671) 477 7059
Facsimile: (671) 472-5487

Attorney for Plaintiff
KAIOH SUISAN CO., LTD.



FILED
DISTRICT COURT OF GUAM
OCT 21 2003
MARY L. M. MORAN
CLERK OF COURT

# UNITED STATES DISTRICT COURT

# DISTRICT OF GUAM

| | |
|---|---|
| KAIOH SUISAN CO., LTD. | CIVIL CASE NO. 02-00021 |
| Plaintiff, | |
| vs. | PLAINTIFF KAIOH SUISAN CO., LTD.'S RENEWED MOTION FOR SUMMARY JUDGMENT; MEMORANDUM; CERTIFICATE OF SERVICE |
| GUAM YTK CORP., | |
| Defendant. | |

Plaintiff KAIOH SUISAN CO., LTD. through counsel, **VERNIER & MAHER, LLP,** by Terence E. Timblin, Esq., hereby renews its motion for summary judgment against Defendant on the grounds that Defendant has failed to obey this Court's Order to file its Trial Brief and has otherwise failed to create a material issue of fact

-1-

that would require a trial to resolve.

Dated this 21st day of October, 2003.

> **VERNIER & MAHER, LLP**
> Attorneys for Plaintiff
> **KAIOH SUISAN CO., LTD**
>
> BY: _____
> TERENCE E. TIMBLIN, ESQ.

## MEMORANDUM OF POINTS AND AUTHORITIES

### FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff filed a Motion for Summary Judgment on February 6, 2003 arguing that it was entitled to judgment as Defendant has admitted the existence of the written Agreement and that it received and accepted 100,000,000 yen pursuant to the Agreement, and is therefore barred by the parole evidence rule from altering, amending or contradicting its terms. At the hearing on the Motion on March 28, 2003, and in a subsequent written Order, the Court denied it on the basis that Defendant had raised material issues of fact. Plaintiff filed a Trial Brief, as required by LR 16.7(b), and a Witness List, as required by LR 16.7(d)(1), on July 29, 2003. The Trial Brief addressed the factual issues that the Court regarded as material. The Preliminary Pretrial Conference was held on October 9, 2003 at which time the Court ordered Defendant to file its Trial Brief and Witness List by October 14, 2003. As of this writing, Defendant has failed to file either a Trial Brief or a Witness List.

As required by LR 16.7(e), counsel for Plaintiff prepared a proposed Pretrial Order and served it on Defendant on June 4, 2003. See, Exhibit "A". Counsel for

Defendant was requested to fill in the portion of the Order reserved for Defendant's factual contentions and set forth any proposed changes. Despite several promises to do so, counsel for Defendant was failed to take any action with respect to the proposed Order. <u>See</u>, Exhibit "B".

## **ARGUMENT**

Based on the admissions by Defendant in the pleadings and the memoranda and exhibits set forth in the initial Motion for Summary Judgment and Plaintiff's Trial Brief, the following facts are beyond any rational dispute:

That Defendant made a written request to Plaintiff to borrow 100,000,000 Japanese yen in two installments of 50,000,000 yen each.

That the parties signed a written agreement by which Defendant borrowed one hundred million Japanese yen from Plaintiff in two installments of 50,000,000 yen each.

That Plaintiff transferred one hundred million Japanese yen to Defendant and that Defendant has failed to repay any of this amount according to the schedule set forth in the written agreement.

These facts are utterly consistent with a loan transaction and utterly inconsistent with anything else. The most that Defendant has managed to offer thus far is a denial that the transaction was a loan. What is completely absent are factual allegations of what the transaction otherwise was. Defendant has been offered the opportunity to make these allegations as part of the proposed Pretrial Order and has failed to do so. Defendant has been ordered by the Court to file a Trial Brief setting

forth its contentions and has again failed to do so. The obvious reason for this failure is that Defendant has no plausible alternative explanation to the written documentation of the transaction.

Since Defendant cannot even articulate, let alone prove, what the transaction was if it was not a loan, a trial would be a waste of the resources of both the parties and the Court. Summary judgment should, therefore, be entered.

Judgment should be granted for the further reason that the failure of Defendant to disclose its version of events places Plaintiff at an unfair disadvantage in preparing for trial.

Respectfully submitted this 21st day of October, 2003.

        **VERNIER & MAHER, LLP**
        Attorney for Plaintiff
        **KAIOH SUISAN CO., LTD.**

        BY: _____
              TERENCE E. TIMBLIN, ESQ.

# CERTIFICATE OF SERVICE

I, **TERENCE E. TIMBLIN**, hereby certify that on the 21st day of October, 2003, I caused a copy of the annexed **PLAINTIFF KAIOH SUISAN CO., LTD.'S RENEWED MOTION FOR SUMMARY JUDGMENT** to be served upon Defendant, by delivering and leaving a copy of same to its attorney of record, as follows:

**Phillip Torres**
**TEKER CIVILLE TORRES & TANG, PLLC**
Suite 200, 330 Hernan Cortez Avenue
Hagåtña, Guam 96910

Dated this 21st day of October, 2003.

**VERNIER & MAHER, LLP**
Attorneys for Plaintiff
**KAIOH SUISAN CO., LTD.**

BY: _____
TERENCE E. TIMBLIN

FRANCIS M. MCKEOWN
D. PAUL VERNIER, JR.**
JOHN G. PRICE*
JOHN B. MAHER**
COLIN C. MUNRO*
LOUIE J. YANZA**
MICHAEL D. FLYNN, JR.
THOMAS S. CLIFTON*
TERENCE E. TIMBLIN**
JEANINE M. LARREA*

*ADMITTED IN CA
**ADMITTED IN GUAM



**MCKEOWN • VERNIER • PRICE • MAHER**
ATTORNEYS AT LAW
A Joint Venture of McKeown Price, LLP
and Vernier & Maher, LLP

115 HESLER PLACE
GROUND FLOOR
GOV. JOSEPH FLORES BLDG.
HAGÅTÑA, GUAM 96910-5004
TELEPHONE 671-477-7059
FACSIMILE 671-472-5487
www.mckeownlaw.com
E-MAIL vernier@ite.net

June 3, 2003

**RECEIVED**
2:15 p.m. hf
JUN 04 2003
TEKER CIVILLE
TORRES & TANG

**VIA FACSIMILE – 472-2601**

Mr. Phillip Torres
**TEKER CIVILLE TORRES & TANG, PLLC**
Suite 200, 330 Hernan Cortez Avenue
Hagatna, Guam 96910

RE: **KAIOH SUISAN CO., LTD. v. GUAM YTK CORP.**
**UNITED STATES DISTRICT COURT CIVIL CASE NO. CV02-00021**
**MVPM File No.: K-0010.4**

Dear Phil:

Enclosed is a draft of a proposed Pretrial Order in the above matter. Please fill in your contentions in Paragraph 6 and make any other proposed changes.

I have included among the proposed admissions that Mr. Kamiyama signed the letter requesting the loan, as I do not think that he could deny that in good faith after his evasions at his deposition. Obviously, he is still free to offer whatever explanation he sees fit.

If you have any questions, please do not hesitate to contact me.

Very truly yours,

**McKEOWN • VERNIER • PRICE • MAHER**

Terence E. Timblin

Enclosure

cc: Mr. Shunsaku Yuasa
    Allen D. Clark, Esq.

\\Valerie\c\MarieBackup\My Documents\CLIENTS (NON-GIA)... ioh v Guam YTK - USDC CVA02-00021\Correspondence\Torres 060303.doc

**Exhibit A**

BERKELEY OFFICE: 2030 ADDISON STREET, SUITE 300 • BERKELEY, CA 94704
TELEPHONE 510-549-8787 • FACSIMILE 510-549-8788

Terence E. Timblin
McKEOWN • VERNIER • PRICE • MAHER
A Joint Venture of McKeown Price LLP
and Vernier & Maher LLP
115 Hesler Place
Ground Floor, Governor Joseph
Flores Building
Hagåtña, Guam 96910
Telephone: (671) 477 7059
Facsimile: (671) 472-5487

Attorneys for Plaintiff
KAIOH SUISAN CO., LTD.

UNITED STATES DISTRICT COURT

DISTRICT OF GUAM

| | |
|---|---|
| KAIOH SUISAN CO., LTD. | ) CIVIL CASE NO. 02-00021 |
| Plaintiff, | ) |
| vs. | ) PRETRIAL ORDER |
| | ) [PROPOSED] |
| GUAM YTK CORP., | ) |
| Defendant. | ) |

Following Pretrial proceedings, pursuant to Rule 16, Federal Rules of Civil Procedure, and Local Rule 16.7,

**IT IS ORDERED:**

1. (a) **This is an action** to recover One Hundred Million Japanese Yen (¥100,000,000) paid by Plaintiff KAIOH SUISAN CO., LTD. ("KAIOH") to Defendant GUAM YTK CORP. ("GUAM YTK"). Plaintiff KAIOH alleges that that this amount was a loan to Defendant GUAM YTK, as evidenced by the Agreement attached to the

-1-

Complaint as **Exhibit A**, and seeks damages for failure to repay the loan pursuant to the terms of the Agreement. Defendant GUAM YTK has denied that the transaction was a loan and affirmatively pled that it was another form of investment and that nothing is owed to Plaintiff KAIOH.

(b) The parties are: KAIOH SUISAN CO., LTD., a foreign corporation organized and existing under the laws of Japan, Plaintiff; GUAM YTK CORP., a corporation organized, existing and doing business under the laws of Guam, Defendant.

Each of these parties has been served and has appeared. All other parties named in the pleadings and not identified in the proceeding paragraphs are now dismissed.

(c) The pleadings which raise the issues are:

Complaint, filed August 1, 2002

Answer to Complaint, filed August 16, 2002

2. **Jurisdiction and venue are invoked upon the grounds:**

Diversity of citizenship of the parties, pursuant to 28 USC §1332. The amount due and payable, pursuant to the terms of the Agreement as of June 1, 2003, is Eighty-Five Million Japanese Yen (¥85,000,000) with a dollar equivalent of approximately Six Hundred Ninety Thousand Dollars ($690,000.00), which exceeds

-2-

the jurisdictional amount of Seventy-Five Thousand Dollars ($75,000.00). The facts requisite to federal jurisdiction are admitted.

3. **The following facts are admitted and require no proof:**

The Court has jurisdiction over this matter and the amount in controversy exceeds $75,000.00.

Plaintiff KAIOH at all times relevant herein, is a foreign corporation organized and existing under the laws of Japan.

Defendant GUAM YTK is a corporation organized, existing and doing business under the laws of Guam.

On or about March 10, 2001, Plaintiff KAIOH and Defendant GUAM YTK entered into an Agreement by which Defendant GUAM YTK borrowed ¥100,000,000 from Plaintiff KAIOH; and that the actual transfer of the funds to Defendant GUAM YTK was accomplished by way of two (2) wire transfers of Fifty Million Japanese Yen (¥50,000,000) through a corporate subsidiary of Plaintiff KAIOH.

Pursuant to the terms of the Agreement, Defendant GUAM YTK is required to repay the loan in installments of Five Million Japanese Yen (¥5,000,000) at the end of each month beginning with January of 2002; Defendant GUAM YTK is required to pay interest of two percent (2%) per annum from the date of the transfer of the funds, to be calculated and paid after the final payment of principal is due; as of the end of May of 2003, ¥85,000,000 is due and payable, Defendant GUAM YTK has not paid any of this amount; and that additional installments will become due and payable through August, 2003.

During the course of negotiating the Agreement, Tom Kamiyama, the President of Defendant GUAM YTK, signed a letter that is addressed to the Chairman of the Board of Plaintiff KAIOH requesting a loan of ¥100,000,000 on terms similar to those set forth in the Agreement. The letter is Plaintiff KAIOH's Exhibit ___.

4. **The reservations as to the facts recited in paragraph 3, above, are as follows:** None.

5. **The following facts, though not admitted, are not to be contested at the trial by evidence to the contrary:** None.

6. **The following issues of facts, and no others, remain to be litigated at the trial:**

Defendant GUAM YTK asserts that, notwithstanding the written Agreement and other documentation presented by Plaintiff KAIOH, that the transaction in question was not a loan but a _____. Defendant GUAM YTK will offer evidence to prove: (to be completed by Defendant GUAM YTK)

_____

_____

-4-

7. **The following issues of law, and no others, remain to be litigated at the trial:**

Whether Defendant GUAM YTK is precluded by 6 GCA §2511, the Guam parol evidence rule, from using extrinsic evidence to vary or contradict the terms of the Agreement.

Whether Defendant GUAM YTK is bound by a document voluntarily signed by its President even if he did not understand English.

Whether Plaintiff KAIOH was required to have a Guam business license in order to bring this action.

8. **All discovery is complete.**

9. **The Exhibit Lists of the parties have been filed with the Court as required by Local Rule 16.7. The parties anticipate the following objections to the exhibits listed below:** None

10. **Witness lists of the parties have heretofore been filed with the Court as required in Local Rule 16.7.** (Except for good cause shown, only the witnesses identified in the list will be permitted to testify other than for impeachment or rebuttal.)

-5-

11. **Each party intending to present evidence by way of deposition testimony has marked such depositions in accordance with Local Rule 32.1. For this purpose, the following depositions shall be lodged with the clerk as required by Local Rule 32.1:** None

12. **The following law and motion matters are pending or contemplated:** None

13. **The trial is to be a non-jury trial.** *(If requested by Court) At least seven (7) days prior to the trial date each counsel shall serve on all parties and lodge with the Court proposed findings of fact and conclusions of law.*

14. The trial is estimated to take **two (2)** trial days.

15. The Final Pretrial Conference shall be held on the **Thursday, the 30th day of October, 2003 at 3:00 p.m.**

16. The Trial of this cause will be held on the **Friday, the 13th day of December, 2003 at 9:30 a.m.**

-6-

17. The foregoing admissions having been made by the parties, and the parties having specified the foregoing issues of fact and law remaining to be litigated, this Pretrial Conference Order shall supersede the pleadings and govern the course of the trial of this cause, unless modified to prevent manifest injustice.

Dated this _____ day of October, 2003.

_____
HONORABLE JOHN S. UNPINGCO
CHIEF JUDGE, District Court of Guam

APPROVED AS TO FORM AND CONTENT:

TEKER CIVILLE TORRES & TANG, PLLC
**Attorneys for Defendant**
**GUAM YTK CORP.**

By_____
    PHILLIP TORRES

\\Valerie\MarieBackup\My Documents\CLIENTS (NON-GIA)\KAIOH SUISAN CO. LTD\Kaioh v Guam YTK - USDC CVA02-00021\Pleadings\Pretrial Order - Proposed 060203.doc

-7-


# VERNIER & MAHER, LLP

D. Paul Vernier, Jr.
John B. Maher

115 Hesler Place, Ground Floor
Governor Joseph Flores Building
Hagatna, Guam 96910-5004
Telephone: (671) 477-7059
Facsimile: (671) 472-5487
Email: vernier@ite.net

Louie J. Yanza
Michael D. Flynn, Jr.
Terence E. Timblin

---

September 24, 2003

**VIA FACSIMILE – 472-2601**

Phillip Torres, Esq.
**TEKER CIVILLE TORRES & TANG, PLLC**
Suite 200, 330 Hernan Cortez Avenue
Hagatna, Guam 96910

    RE:   **KAIOH SUISAN CO., LTD. v. GUAM YTK CORPORATION
DISTRICT COURT OF GUAM, CIVIL CASE NO. 02-00021**

Dear Phil:

On June 4, 2003, we served a draft of a proposed Pretrial Order in the above matter on your office. We asked that you fill in your contentions in number 6 and make any other proposed changes. I spoke with you by phone on September 8, 2003, as to what your position on it was, and you indicated that you had filled in your contentions and filed it with the District Court. I requested that you serve me with a copy of the filed Order and you indicated that you would with bring a copy with you to the Pretrial Conference in the Superior Court case that was scheduled for September 9, 2003. On September 9th, Sam Teker appeared at the Conference in your place. He did not have a filed copy of the Order and did not know anything about it. Sam Teker said he would talk to you about it. As of this writing, however, our office has not been served with a copy of the Order or otherwise heard from you.

This is to request that you confirm or deny that you have filed the Order and, if you have, that you serve us with a copy of it.

If you have any questions, please do not hesitate to contact me.

Very truly yours,

**VERNIER & MAHER, LLP**

Terence E. Timblin

Exhibit B

## Confirmation Report – Memory Send

```
Time      : Sep-24-03  16:43
Tel line  : +6714725487
Name      : Vernier & Maher, LLP
```

| | | |
|---|---|---|
| Job number | : | 887 |
| Date | : | Sep-24 16:43 |
| To | : | 4722601 |
| Document pages | : | 02 |
| Start time | : | Sep-24 16:43 |
| End time | : | Sep-24 16:43 |
| Pages sent | : | 02 |
| Status | : | OK |
| Job number | : 887 | *** SEND SUCCESSFUL *** |

# VERNIER & MAHER, LLP

D. Paul Vernier, Jr.
John B. Maher

115 Hesler Place, Ground Floor
Governor Joseph Flores Building
Hagatna, Guam 96910-5004
Telephone: (671) 477-7059
Facsimile: (671) 472-5487
Email: vernier@ite.net

Louie J. Yanza
Michael D. Flynn, Jr.
Terence E. Timblin

---

## FACSIMILE TRANSMITTAL COVER SHEET

**TO:** Phillip Torres, Esq. – 472-2601

**FROM:** Terence E. Timblin          **DATE:** September 24, 2003

**RE:** Kaioh Suisan Co., Ltd. v. Guam YTK Corporation, CV02-00021

**V&M FILE NO.:** G-0001.171     **NO. OF PAGES INCLUDING COVER SHEET:** 2

**IMPORTANT NOTE:** This fax is CONFIDENTIAL and may be covered by legal professional privilege. It must not be read, copied, disclosed or used by any person other than the above addressee. Unauthorized use, disclosure or copying is strictly prohibited and may be unlawful.

**DOCUMENTS:**

1. Letter from Terence E. Timblin, Esq., dated September 24, 2003.

IF YOU DO NOT RECEIVE ALL PAGES, PLEASE CALL THE ABOVE LISTED NUMBER AND ASK FOR Marie.