**TEKER CIVILLE TORRES & TANG, PLLC**
SUITE 200, 330 HERNAN CORTEZ AVENUE
HAGÅTÑA, GUAM 96910
TELEPHONE: (671) 477-9891/472-8868
FACSIMILE: (671) 472-2601/477-2511



FILED
DISTRICT COURT OF GUAM

OCT 29 2003

MARY L. M. MORAN
CLERK OF COURT

*Attorneys for Defendant*

IN THE DISTRICT COURT OF GUAM

----------

| | |
|---|---|
| KAIOH SUISAN CO., LTD. | )    CIVIL CASE NO. 02-00021 |
|        Plaintiff, | ) |
| vs. | )    **DEFENDANT'S TRIAL BRIEF** |
| GUAM YTK CORPORATION, | ) |
|        Defendant. | ) |

----------

## PROCEDURAL BACKGROUND

This case is a fact intensive case involving a dispute regarding a purported loan agreement between business partners whereby Plaintiff provided One Hundred Million Yen (¥100,000,000) to the Defendant. Defendant asserts that the money was an investment into the company to further the fishing venture of the parties. Plaintiff filed a Motion for Summary Judgment asserting there were no factual disputes and that documents signed by the Plaintiff evidenced the loan. The Motion was contested and heard by this Court on March 28, 2003. After review of the pleadings and all arguments of counsel, the Court issued a written order denying the Motion for Summary Judgment because Defendant raised material issues of fact as to the relationship of the parties and the nature and meaning of the documents executed between the

parties. The case remains unresolved and has been set for trial beginning December 13, 2003.

## **FACTUAL CONTENTIONS**

Plaintiff asserts that it is a Corporation organized, existing and doing business in Japan which entered into an agreement to lend One Hundred Million Yen (¥100,000,000) to the Defendant. Plaintiff further assets that it transferred funds on two (2) separate occasions in the amount of Fifty Million Yen (¥50,000,000) to the Defendant. Plaintiff characterizes its agreement with Defendant as a loan for profit and asserts that its documents support the agreement and validate it as a loan.

Defendant denies that a loan agreement was ever effectuated by the parties. Defendant's president, Tom Kamiyama, whose signature appears on some of the documents asserts that the money transferred by Plaintiff to Defendant was for an investment in their continuing fishing venture and that was what the funds were used for. Some documents are in English, others in Japanese. Mr. Kamiyama is illiterate in the English language. He did not prepare any of the documents that Plaintiff relies upon. The content of the documents were explained to him by representatives of the Plaintiff. Based upon the false representations of his Japanese business partners, Mr. Kamiyama executed the documents to further the venture. However, the documents were never explained to Mr. Kamiyama as loan or promissory documents. Mr. Kamiyama was told by Defendant's Representatives that he was signing documents necessary to memorialize the investment and transfer the funds. Therefore, his execution of the documents was induced by fraud committed by the Plaintiff.

This investment in the company whose fishing venture eventually failed does not entitle Plaintiff to recover its lost investment from Defendant. However, if Plaintiff prevails on its loan theory, it still is not entitled to recover from Defendant because it is a private enterprise lending

**TEKER CIVILLE TORRES & TANG, PLLC**
SUITE 200, 330 HERNAN CORTEZ AVENUE
HAGÅTÑA, GUAM 96910
TELEPHONE (671) 477-9891/472-8868

money to a Guam Corporation for profit. It did so without a business license. It also conducted business on Guam. It was part of a fishing enterprise in which Defendant would off-load, grade and send fish by air to Plaintiff in Japan.

11 GCA 70130(d) requires a business license by anyone engaged in commercial activity. Lending money for profit is a commercial activity. As such, Plaintiff is not entitled to any relief from this Court to enforce any obligation against Defendant. The exception carved out by *EIE Guam Corporation v. The Long Term Credit Bank of Japan*, 1998 Guam 6, does not apply to Plaintiff because Plaintiff is not a foreign bank subject to exemption from gross receipts taxes under 11 GCA 106730. Thus, if the Court finds that the transaction was a loan it should bar Plaintiff from any relief requested.

Respectfully submitted this 29th day of October, 2003.

TEKER CIVILLE TORRES & TANG, PLLC

By: _____
PHILLIP TORRES
*Attorneys for Defendant*

C:\File3\GUAM YTK-DC02-00021\trial brief.wpd

TEKER CIVILLE TORRES & TANG, PLLC
SUITE 200, 330 HERNAN CORTEZ AVENUE
HAGÅTÑA, GUAM 96910
TELEPHONE: (671) 477-9891/472-8868

-3-

Case 1:02-cv-00021    Document 23    Filed 10/29/2003    Page 3 of 3