Terence E. Timblin
VERNIER & MAHER, LLP
115 Hesler Place, Ground Floor
Governor Joseph Flores Building
Hagåtña, Guam 96910
Telephone: (671) 477 7059
Facsimile: (671) 472-5487

Attorney for Plaintiff
KAIOH SUISAN CO., LTD.

FILED
DISTRICT COURT OF GUAM
JAN -13 2004
MARY L. M. MORAN
CLERK OF COURT

# UNITED STATES DISTRICT COURT

## DISTRICT OF GUAM

| | |
|---|---|
| KAIOH SUISAN CO., LTD._____Plaintiff,_____vs._____GUAM YTK CORP.,_____Defendant. | CIVIL CASE NO. 02-00021_____PLAINTIFF KAIOH SUISAN CO., LTD.'S REPLY MEMORANDUM IN SUPPORT OF RENEWED MOTION FOR SUMMARY JUDGMENT; MEMORANDUM; CERTIFICATE OF SERVICE |

The Defendant GUAM YTK CORP. argues that "Plaintiff had added nothing to its current motion to demonstrate that the factual disputes have been eliminated.", and that the Order of April 4, 2003 remains the law of the case. In fact, several events, filings and depositions have occurred since April 4, 2003, which put to rest any barrier to the entry of judgment in Plaintiff's favor.

-1-

## A. FAILURE TO COMPLY WITH ORDER OF OCTOBER 9, 2003

Defendant has failed to comply with the Court's Order of October 9, 2003 that it file its Witness List and Trial Brief by October 14, 2003. These were not filed until October 27 and 29, 2003, respectively.

## B. ADDITIONAL DOCUMENTATION

In addition to the loan Agreement and wire transfer documentation, the existence of which Defendant has admitted, Plaintiff submitted with its Trial Brief as additional corroboration a letter by Defendant's President to the Chairman of the Board of Plaintiff requesting to borrow 100,000,000 yen in two installments of 50,000,000 yen each on December 5, 2000 and January 20, 2001, the same amounts and dates as stated in the Agreement.

## C. WIRE TRANSFER LANGUAGE

The Court held in its prior Order that the terms "advance payment" and "tuna" in the applications for wire transfers rendered the written documentation ambiguous. If any ambiguity existed, it was clarified by the deposition testimony of Shunsaku Yuasa that these terms were there because Japanese law requires that some reason for the transfer must be stated in the application and that if the term "loan" had been used it would have required additional paperwork. Further, in his letter requesting the loan, Defendant's President refers to "tuna fishing vessels" and that "a Tuna Forwarding company was established with your cooperation." Since the purpose of the loan was to allow Defendant to engage in a business involving tuna, it is only logical that the term "tuna" appeared on the applications.

### D. IGNORANCE OF ENGLISH CLAIM

In the initial Motion, Plaintiff cited the virtually universal rule to the effect that the failure of one who voluntarily signs a contract to understand it does not render it invalid. Defendant neither refuted this authority nor even addressed it. Notwithstanding this, the Court found in its Order that Defendant's claim that Mr. Kamiyama did not understand the Agreement raises a material issue of fact. The Court also failed to distinguish, refute or even address this authority. Since the Court has not passed on the issue, Plaintiff submits that its decision cannot be the law of the case and that it can and should be reconsidered.

### E. BUSINESS LICENSE ISSUE

In it's Reply to the Opposition to its initial Motion, Plaintiff cited the decision of the Supreme Court of Guam in *EIE Guam Corporation v. Long Term Credit Bank of Japan*, 1998 Guam 6, for the proposition that a one time loan of money by an off-Island business to a business on Guam does not constitute doing business on Guam, and, therefore, does not require a business license. In its Order, the Court stated that the loan might not have been Plaintiff's only business on Guam, based on another transaction by the parties in forming a Guam corporation known as Guam Kai Oh Co., Ltd., and that the reasoning in the *EIE* case may not apply. In its Trial Brief Plaintiff argued that the fact that the parties entered into another transaction does not create a business license defense as to this one because:

First, the other transaction was the formation of a Guam corporation, which would be subject to and pay GRT.

Second, the only reason that there was no business license is that Mr. Kamiyama, the President of Guam Kai Oh Co., Ltd., failed to obtain one and that, as "local partner" it was his responsibility to do so.

And third, 11 G.C.A. §70130(g) provides that the failure of one party to have a business license shall be an affirmative defense by any other party and that Defendant, having failed to plead this, has waived it.

The Defendant, in its Trial Brief, neither refutes nor addresses any of these arguments but does assert that the *EIE* decision is limited to banks. Even if this were true, it would not affect the validity of these arguments, but it is not true in any event. While the foreign entity in question in the *EIE* case was a bank and much of the opinion dealt with statutes relating specifically to banks, the discussion as to the applicability of the Business License Law did not limit itself to banks. It noted that the law applies to "the business person" and not just banks.

Plaintiff would note that these arguments have all been raised since the Order of April 4, 2003 and the Court has not made any ruling that could amount to law of the case.

**F.    CONTINUED FAILURE TO ARTICULATE ALTERNATIVE TO LOAN**

In its Trial Brief Defendant states that "the money transferred by Plaintiff to Defendant was for an investment in their continuing fishing venture and that was what the funds were used for." In its Opposition to this renewed Motion, Defendant states "the money was for an investment by Plaintiff in a joint enterprise of the parties." This is Defendant's entire attempt at articulating what the transaction was, if it was not a loan. As now pointed out in two (2) Motions and a Trial Brief, there is absolutely no

allegation as to precisely what Plaintiff was getting in return for the dollar equivalent of approximately $816,000.00. Rule 56(e) requires Defendant to "set forth <u>specific facts showing that there is a genuine issue for trial.</u>" The conclusory allegations set forth above do not come close to meeting this standard.

Respectfully submitted this 13th day of January, 2004.

**VERNIER & MAHER, LLP**
Attorney for Plaintiff
**KAIOH SUISAN CO., LTD.**

BY: _____
TERENCE E. TIMBLIN, ESQ.

## CERTIFICATE OF SERVICE

I, **TERENCE E. TIMBLIN**, hereby certify that on the 13th day of January, 2004, I caused a copy of the annexed **PLAINTIFF KAIOH SUISAN CO., LTD.'S REPLY MEMORANDUM IN SUPPORT OF RENEWED MOTION FOR SUMMARY JUDGMENT** to be served upon Defendant, by delivering and leaving a copy of same to its attorney of record, as follows:

**Phillip Torres**
**TEKER CIVILLE TORRES & TANG, PLLC**
Suite 200, 330 Hernan Cortez Avenue
Hagåtña, Guam 96910

Dated this 13th day of January, 2004.

**VERNIER & MAHER, LLP**
Attorneys for Plaintiff
**KAIOH SUISAN CO., LTD.**

BY: _____
TERENCE E. TIMBLIN