1  Terence E. Timblin
   VERNIER & MAHER, LLP
2  115 Hesler Place, Ground Floor
   Governor Joseph Flores Building
3  Hagåtña, Guam 96910
   Telephone: (671) 477-7059
4  Facsimile: (671) 472-5487

5  Attorneys for Plaintiff
   KAIOH SUISAN CO., LTD.

6



FILED
DISTRICT COURT OF GUAM

AUG - 3 2004

MARY L. M. MORAN
CLERK OF COURT

7

8

9              **UNITED STATES DISTRICT COURT**

10                    **DISTRICT OF GUAM**

11

12  KAIOH SUISAN CO., LTD.          )   CIVIL CASE NO. 02-00021
                                    )
13          Plaintiff,              )
                                    )
14      vs.                         )   **PRETRIAL ORDER**
                                    )   [~~PROPOSED~~]
15  GUAM YTK CORP.,                 )
                                    )
16          Defendant.              )
                                    )
17                                  )
                                    )
18  _____)

19

20          Following Pretrial proceedings, pursuant to Rule 16, Federal Rules of Civil

    Procedure, and Local Rule 16.7,
21

22          **IT IS ORDERED:**

23          1. (a) This is an action to recover One Hundred Million Japanese Yen

24  (¥100,000,000) paid by Plaintiff KAIOH SUISAN CO., LTD. ("KAIOH") to Defendant

25  GUAM YTK CORP. ("GUAM YTK"). Plaintiff KAIOH alleges that that this amount was

                                   -1-

ORIGINAL

a loan to Defendant GUAM YTK, as evidenced by the Agreement attached to the Complaint as **Exhibit "A"**, and seeks damages for failure to repay the loan pursuant to the terms of the Agreement. Defendant GUAM YTK has denied that the transaction was a loan and affirmatively pled that it was another form of investment and that nothing is owed to Plaintiff KAIOH.

(b)     The parties are: KAIOH SUISAN CO., LTD., a foreign corporation organized and existing under the laws of Japan, Plaintiff; and, GUAM YTK CORP., a corporation organized, existing and doing business under the laws of Guam, Defendant.

Each of these parties has been served and has appeared. All other parties named in the pleadings and not identified in the proceeding paragraphs are now dismissed.

(c)     The pleadings, which raise the issues are:

Complaint, filed August 1, 2002

Answer to Complaint, filed August 16, 2002

2.      **Jurisdiction and venue are invoked upon the grounds:**

Diversity of citizenship of the parties, pursuant to 28 U.S.C. §1332. The amount due and payable, pursuant to the terms of the Agreement as of September 1, 2003, is One Hundred Million Japanese Yen (¥100,000,000) with a dollar equivalent of Eight Hundred Sixteen Thousand Seven Hundred Seventy Five Dollars and 60/100 ($816,775.60), which exceeds the jurisdictional amount of Seventy-Five Thousand Dollars ($75,000.00). The facts requisite to federal jurisdiction are admitted.

-2-

3.    **The following facts are admitted and require no proof:**

The Court has jurisdiction over this matter and the amount in controversy exceeds $75,000.00.

Plaintiff KAIOH at all times relevant herein, is a foreign corporation organized and existing under the laws of Japan.

Defendant GUAM YTK is a corporation organized, existing and doing business under the laws of Guam.

On or about March 10, 2001, Plaintiff KAIOH and Defendant GUAM YTK entered into an Agreement by which Defendant GUAM YTK *purportedly only* borrowed ¥100,000,000 from Plaintiff KAIOH; and that the actual transfer of the funds to Defendant GUAM YTK was accomplished by way of two (2) wire transfers of Fifty Million Japanese Yen (¥50,000,000) through a corporate subsidiary of Plaintiff KAIOH.

Pursuant to the terms of the *alleged* Agreement, Defendant GUAM YTK is required to repay the loan in installments of Five Million Japanese Yen (¥5,000,000) at the end of each month beginning with January of 2002; Defendant GUAM YTK is required to pay interest of two percent (2%) per annum from the date of the transfer of the funds, to be calculated and paid after the final payment of principal is due; as of the end of August of 2003, the entire ¥100,000,000 is due and payable, Defendant GUAM YTK has not paid any of this amount.

During the course of negotiating the Agreement, Tom Kamiyama, the President of Defendant GUAM YTK, signed a letter that is addressed to the Chairman of the Board of Plaintiff KAIOH requesting a loan of ¥100,000,000 on terms similar to those set forth in the Agreement. The letter is Plaintiff KAIOH's Exhibit "3".

-3-

4.     **The reservations as to the facts recited in paragraph 3, above, are as follows:** None.

5.     **The following facts, though not admitted, are not to be contested at the trial by evidence to the contrary:** None.

6.     **The following issues of facts, and no others, remain to be litigated at the trial:**

Defendant GUAM YTK asserts that, notwithstanding the written Agreement and other documentation presented by Plaintiff KAIOH, that the transaction in question was not a loan but part of the investment in a fishing enterprise they were involved in. Defendant GUAM YTK will offer evidence to prove that all funds were expended in furtherance of the joint fishing enterprise and that the parties successfully engaged in the enterprise for over a year.

Defendant GUAM YTK will prove that the documents were not drafted by Defendant GUAM YTK and that the documents were explained to Tom Kamiyama by Plaintiff's officials and the explanation did not include "loan" or that the documents were for a loan transaction.

Defendant GUAM YTK will also prove that if the documents are construed as a valid loan, Plaintiff's officials and the explanation did not include "loan" or that the documents were for a loan transaction.

Defendant GUAM YTK will also prove that if the documents are construed as a valid loan, Plaintiff did not possess a business license or exemption permitting it to maintain an action at law.

-4-

7. **The following issues of law, and no others, remain to be litigated at the trial:**

Whether Defendant GUAM YTK is precluded by 6 G.C.A. §2511, the Guam parol evidence rule, from using extrinsic evidence to vary or contradict the terms of the Agreement.

Whether Defendant GUAM YTK is bound by a document voluntarily signed by its President even if he did not understand English.

Whether Plaintiff KAIOH was required to have a Guam business license in order to bring this action.

8. **All discovery is complete.**

9. **The Exhibit Lists of the parties have been filed with the Court as required by Local Rule 16.7. The parties anticipate the following objections to the exhibits listed below:** None

10. **Witness lists of the parties have heretofore been filed with the Court as required in Local Rule 16.7.** (Except for good cause shown, only the witnesses identified in the list will be permitted to testify other than for impeachment or rebuttal.)

11. **Each party intending to present evidence by way of deposition testimony has marked such depositions in accordance with Local Rule 32.1. For this purpose, the following depositions shall be lodged with the clerk as required by Local Rule 32.1:** None

12. **The following law and motion matters are pending or contemplated:** None

13. **The trial is to be a non-jury trial.** *(If requested by Court) At least seven (7) days prior to the trial date each counsel shall serve on all parties and lodge with the Court proposed findings of fact and conclusions of law.*

14. The trial is estimated to take ~~two (2)~~ four (4) trial days.

15. The Final Pretrial Conference shall be ~~held on the Wednesday, the 10th day of December, 2003 at 10:00 a.m.~~ set by Judge Lew.

16. The Trial of this cause will be held on the ~~Friday~~ Tuesday, the ~~12th~~ 24 day of ~~December, 2003~~ august , 2004 at 9:30 a.m.

17. The foregoing admissions having been made by the parties, and the parties having specified the foregoing issues of fact and law remaining to be litigated, this Pretrial Conference Order shall supersede the pleadings and govern the course of the trial of this cause, unless modified to prevent manifest injustice.

Dated this __3rd__ day of ~~December, 2003~~ august , 2004.

_____
HONORABLE JOHN S. UNPINGCO
CHIEF JUDGE, DISTRICT COURT OF GUAM



-6-